**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WILLIAM HOFFMAN, :
: Civil Action No. 12-6785 (JLL)
        Petitioner, :
:
v. : **OPINION**
:
STATE OF NEW JERSEY, et al. :
:
        Respondents. :

**APPEARANCES:**

Petitioner <u>pro se</u>
William Hoffman
South Woods State Prison
215 Burlington Road South
Bridgeton, Nj  08302

**LINARES**, District Judge

    Petitioner William Hoffman, a prisoner currently confined at South Woods State Prison at Bridgeton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] and an application to proceed in forma pauperis pursuant

---

[1] Section 2254 provides in relevant part:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

to 28 U.S.C. § 1915(a). The respondents are the State of New Jersey and the Attorney General of New Jersey.

Based on his affidavit of indigence, the Court will grant Petitioner's application to proceed in forma pauperis. Because it appears to be "second or successive," the Court will dismiss the Petition. See 28 U.S.C. § 2244(b).

## I. BACKGROUND

Petitioner asserts that he was convicted in the Superior Court of New Jersey, Law Division, Union County, of Felony Murder and Second-Degree Burglary,[2] and that he was sentenced on March 25, 1994, to a 30-year term of imprisonment. Petitioner asserts that he withdrew his direct appeal in order to proceed to a state petition for post-conviction relief ("PCR"). Petitioner asserts that the PCR court determined that his petition was procedurally barred and that the denial of relief was upheld on appeal. See State v. Hoffman, 178 N.J. 250 (2003) (denial of certification).

On or about July 27, 2004, Petitioner filed his first federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Hoffman v. State of New Jersey, Civil No. 04-3640 (SDW).[3] In that petition, Petitioner asserted the following

---

[2] Petitioner identifies the Indictment as Number 93-01-00088-I.

[3] The first federal petition for writ of habeas corpus references the same Indictment Number 93-01-00088-I.

grounds for relief: (1) his guilty plea was not knowing and voluntary, (2) his conviction was obtained by the use of a coerced confession, (3) the prosecutor improperly withheld exculpatory evidence, and (4) he was denied the effective assistance of counsel. On January 24, 2008, this Court denied the first federal petition as untimely and, in the alternative, as meritless. See Civil No. 04-3640 (Docket Entries Nos. 42, 57.) On August 14, 2008, the Court of Appeals for the Third Circuit denied a certificate of appealability, agreeing that the first federal petition was untimely. See Hoffman v. State of New Jersey, No. 08-2331 (3d Cir.). On October 5, 2009, the U.S. Supreme Court denied certiorari. See Hoffman v. State of New Jersey, No. 09-5230 (U.S.).

Although the Petition is not entirely clear, it appears that Petitioner thereafter filed further state petitions for post-conviction relief that were denied. See State v. Hoffman, 212 N.J. 198 (2012) (denial of certification) (also attached as an Exhibit to the Petition).

Petitioner has returned to this Court with a new Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the same conviction. Here, Petitioner asserts the following grounds for relief: (1) the state court erred in determining that his first state petition for post-conviction relief was time-barred, (2) the state charged and sentenced

3

Petitioner beyond the presumptive guidelines for burglary, (3) the state erred by not holding an evidentiary hearing based on the claim that the government withheld exculpatory evidence that two witness statements placed him in another room while the murder was being committed, (4) on appeal of the denial of PCR relief, the Superior Court of New Jersey, Appellate Division, violated Petitioner's due process and equal protection rights when it granted the government's third motion for extension of time, leading to the denial of Petitioner's judgment of default.

For the reasons set forth below, this Petition will be dismissed without prejudice as a "second or successive" petition that Petitioner has not obtained authorization from the Court of Appeals to file.[4]

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

---

[4] Because this Petition is "second or successive" there is no need to give the notice otherwise required by <u>Mason v. Meyers</u>, 208 F.3d 414 (3d Cir. 2000).

Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994). See also Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition ... ." (emphasis added)).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520-21 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); see also Lewis v. Attorney General, 878 F.2d 714, 722 (3d Cir. 1989). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996). See also 28 U.S.C. §§ 2243, 2254, 2255.

### III. ANALYSIS

Federal law imposes strict limitations on a United States District Court's consideration of "second or successive" habeas

5

petitions. See 28 U.S.C. § 2244(b). That statute states, in relevant part, as follows:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless --
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(1)-(2).

United States Code Title 28, Section 2244(b)(3)(A), provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

The term "second or successive" is not defined in the statute, but it is well settled that the phrase does not simply "refe[r] to all § 2254 applications filed second or successively in time." Panetti v. Quarterman, 551 U.S. 930, 944 (2007). The

6

term has been the subject of substantial recent discussion in Supreme Court decisions. Id.(creating an exception for a second application raising a claim that would have been unripe had the petitioner presented it in his first application); Stewart v. Martinez-Villareal, 523 U.S. 637 (1998) (treating a second application as part of a first application where it was premised on a newly ripened claim that had been dismissed from the first application as premature); Slack v. McDaniel, 529 U.S. 473 (2000) (declining to apply the bar of § 2244(b) to a second application where the first application was dismissed for lack of exhaustion).

Courts generally are in agreement, however, that the dismissal of a first federal petition as untimely constitutes an adjudication on the merits, rendering any later-filed petition "second or successive." See, e.g., McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) ("We therefore hold that dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA... .") (cited with approval in Stokes v. Gehr, 399 Fed.Appx. 697, 699 n.2 (3d Cir. 2010), cert. denied, 131 S.Ct. 1698 (2011)); Terry v. Bartkowski, Civil No. 11-0733, 2011 WL 5142859, at *3 (D.N.J. Oct. 28, 2011). Here, as Petitioner's first federal petition was denied as untimely, this Petition is "second or successive."

If a second or successive petition is filed in the district court without an order from the appropriate court of appeals, the district court may dismiss for want of jurisdiction or "shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. See also Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002) ("When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

Here, Petitioner does not assert that he has received permission to file this "second or successive" Petition from the Court of Appeals for the Third Circuit. A review of the U.S. Courts' Public Access to Court Electronic Records ("PACER") system does not reflect that Petitioner has sought or obtained leave from the Court of Appeals to file this Petition. Accordingly, this Court lacks jurisdiction to consider this unauthorized "second or successive" Petition.

This Court finds that it is not in the interest of justice to transfer this action to the Court of Appeals for the Third Circuit, pursuant to 28 U.S.C. § 1631, as Petitioner has failed to allege facts bringing any of the claims within the grounds detailed in § 2244(b) for permitted second or successive claims.

Accordingly, the Petition will be dismissed as an unauthorized second or successive petition, without prejudice to Petitioner applying to the Court of Appeals for authorization to file a second or successive petition.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).

9

Here, jurists of reason would not disagree with this Court's procedural ruling. Therefore, no certificate of appealability will issue.

## V. CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice as second or successive. No certificate of appealability will issue.

An appropriate order follows.

Dated: 4-12-13

Jose L. Linares
United States District Judge